UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2C

Rob Saltzman, Esquire
Pluese, Becker & Saltzman, LLC
RS1765
20000 Horizon Way, Suite 900
Mount Laurel, NJ 08054-4318
(856) 813-1700
Attorneys' for the Mortgagee
File No. 083071B

In Re:

Kenneth G. McNeil

Order Filed on January 18, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 15-14218-MBK

Hearing Date: January 19, 2017

Judge: Michael B. Kaplan

# CONSENT ORDER
## RESOLVING OBJECTION TO CONFIRMATION

The relief set forth on the following pages, numbered two (2) through (3) is hereby **ORDERED.**

**DATED: January 18, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor: Kenneth G. McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

This matter having come before the Court on the Objection of Nationstar Mortgage, LLC, servicer for U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-14H, ("Nationstar Mortgage, LLC" or the "Mortgagee"), by and through counsel, Pluese, Becker & Saltzman, LLC, Rob Saltzman, Esquire, appearing and the Debtor, by and through counsel, Scott E. Kaplan, LLC, Scott E. Kaplan, Esquire, having consented hereto and good cause having been shown;

IT IS HEREBY UNDERSTOOD, AGREED, STIPULATED AND ORDERED AS FOLLOWS:

1. The Parties agree that the Debtor's property located at 251 Woodlawn Avenue, Trenton, NJ 08609 (the "Subject Property") shall be valued at $42,500 for purposes of the within Chapter 11 Plan of reorganization.

2. The Mortgagee's claim, including the post-Petition escrow, shall be paid in the sum of $42,500 plus interest at 5% projected over a ten year period (120 months) for a total payoff amount of $54,093 with monthly payments of $451.  The Debtor shall commence payments in February 1, 2017.  Once all of the required payments have been tendered, the loan should be paid in full in February 2027. All amounts still outstanding upon the maturity date under this agreement will be due and owing in full on the maturity date.

**Page 3**
Debtor: Kenneth G. McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

3. The Debtor shall be responsible for paying the post-Petition escrow advances in the amount of $5,970.66 to the Mortgagee immediately upon the effective date of the Chapter 11 Plan.

4. The loan will no longer be an escrowed loan and the Debtor shall be responsible for maintaining all property taxes and hazard insurance premium payments and shall provide contemporaneous proof of such payments.

5. The Debtor shall tender payments directly to the Mortgagee at the following address: Nationstar Mortgage, LLC, ATTN: Bankruptcy Dept., PO Box 619094, Dallas, TX 75261-9741.

6. The Mortgagee has relief from the automatic stay as to the Subject Property upon the effective date of confirmation of Debtor's Chapter 11 Plan.

7. The Mortgagee agrees to vote for Debtor's Chapter 11 Plan provided the Debtor has compiled with all provisions of this agreement.

8. In the event this reorganization is successfully completed, and upon the conclusion of this Chapter 11 reorganization, satisfaction of the Allowed Secured "crammed down" Claim, and contingent upon compliance with all terms and conditions hereof, subsequent Orders of the Court, and applicable law, then the Mortgagee shall discharge of record their Mortgage.

**Page 4**
Debtor: Kenneth G. McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

9. Events of default hereunder, entitling the Mortgagee to all available remedies, shall be deemed to include, without limitation, the following:

    a. Dismissal of this Chapter 11 case for any reason, or failure to otherwise or comply with the terms of the confirmed Chapter 11 Plan.

    b. Entry of an Order for Relief from the Automatic Stay in favor of the Mortgagee or the holder of any interest superior to that of the Mortgagee.

    c. Conversion of this case to one under Chapter 7 of the U.S. Bankruptcy Code;

    d. Failure of Debtor to remedy any default hereunder after 15 days written notice to Debtor and Debtor's counsel of same and opportunity to cure have expired.

10. It is expressly understood, agreed, stipulated, and Ordered that this Settlement shall be and the same hereby is binding in the Debtor's pending reorganization only and, in the event of an uncured delinquency or default, the Settlement is voidable at the Mortgagee's option in the Mortgagee's exclusive and unrestricted discretion. It is further expressly understood, agreed, stipulated and Ordered that no Judicial determination(s) or finding(s) on the merits of the allegations contained in the Settlement, have been made, and the circumstance that the Mortgagee has consented to their defaulting Borrower only, shall not operate to limit, prejudice, preclude, estop, or otherwise restrict the Mortgagee's rights to enforce the Mortgage in any other proceedings.

11. Failure of the Debtor to satisfy any of the aforesaid conditions, jointly, severally and/or in the alternative, renders this Stipulation null and void and returns Beneficial to its pre-Petition status as

**Page 5**
Debtor: Kenneth G. McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

a Secured Creditor holding a First Mortgage lien encumbering the Debtor's Subject Property with all rights afforded it under applicable law.

PLUESE, BECKER & SALTZMAN, LLC            SCOTT E. KAPLAN, LLC

By: /s/ Rob Saltzman                                    By:    /s/ Scott Eric Kaplan
    Rob Saltzman, Esquire                                Scott Eric Kaplan, Esquire
    Attorneys for the Mortgagee                         Attorney for the Debtor