

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2C

Rob Saltzman, Esquire
Pluese, Becker & Saltzman, LLC
RS1765
20000 Horizon Way, Suite 900
Mount Laurel, NJ 08054-4318
(856) 813-1700
Attorneys' for the Mortgagee
File No. 086061B

In Re:

Kenneth G McNeil

**Order Filed on January 19, 2017**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

Case No.: 15-14218-MBK

Hearing Date: January 19, 2017

Judge: Michael B. Kaplan

**CONSENT ORDER**
**RESOLVING OBJECTION TO CONFIRMATION**

The relief set forth on the following pages, numbered two (2) through (3) is
hereby **ORDERED.**

**DATED: January 19, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Page 2**
Debtor: Kenneth G McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

This matter having come before the Court on the Objection of Rushmore Loan Management Services, servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust, ("Rushmore" or the "Mortgagee"), by and through counsel, Pluese, Becker & Saltzman, LLC, Rob Saltzman, Esquire, appearing and the Debtor, by and through counsel, Scott E. Kaplan, LLC, Scott E. Kaplan, Esquire, having consented hereto and good cause having been shown;

IT IS HEREBY UNDERSTOOD, AGREED, STIPULATED AND ORDERED AS FOLLOWS:

1. The Parties agree that the Debtor's property located at 1420 Genesee Street, Hamilton Township, NJ 08610 (the"Subject Property") shall be valued at $50,000 for purposes of the within Chapter 11 Plan of reorganization.

2. The Mortgagee's claim, including the post-Petition escrow, shall be paid in the sum of $50,000 plus interest at 5.25% projected over a ten year period (120 months) for a total payoff amount of $64,375 with monthly payments of $536. The Debtor shall commence payments in February 1, 2017. Once all of the required payments have been tendered, the loan should be paid in full in February 2027. All amounts still outstanding upon the maturity date under this agreement will be due and owing in full on the maturity date.

**Page 3**
Debtor: Kenneth G McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

3.  The Debtor shall be responsible for paying the post-Petition escrow advances in the amount of

$7,667.15 to the Mortgagee immediately upon the effective date of the Chapter 11 Plan.

4.  The loan will no longer be an escrowed loan and the Debtor shall be responsible for maintaining

all property taxes and hazard insurance premium payments and shall provide contemporaneous proof

of such payments.

5.  The Debtor shall tender payments directly to the Mortgagee at the following address: Rushmore

Loan Management Services, PO Box 52708, Irvine, CA 92619-2708.

6.  The Mortgagee has relief from the automatic stay as to the Subject Property upon the effective

date of confirmation of Debtor's Chapter 11 Plan.

7.  The Mortgagee agrees to vote for Debtor's Chapter 11 Plan provided the Debtor has compiled

with all provisions of this agreement.

8. In the event this reorganization is successfully completed, and upon the conclusion of this Chapter

11 reorganization, satisfaction of the Allowed Secured "crammed down" Claim, and contingent upon

compliance with all terms and conditions hereof, subsequent Orders of the Court, and applicable

law, then the Mortgagee shall discharge of record their Mortgage.

**Page 4**
Debtor: Kenneth G McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

9. Events of default hereunder, entitling the Mortgagee to all available remedies, shall be deemed to include, without limitation, the following:

a. Dismissal of this Chapter 11 case for any reason, or failure to otherwise or comply with the terms of the confirmed Chapter 11 Plan.

b. Entry of an Order for Relief from the Automatic Stay in favor of the Mortgagee or the holder of any interest superior to that of the Mortgagee.

c. Conversion of this case to one under Chapter 7 of the U.S. Bankruptcy Code;

d. Failure of Debtor to remedy any default hereunder after 15 days written notice to Debtor and Debtor's counsel of same and opportunity to cure have expired.

10. It is expressly understood, agreed, stipulated, and Ordered that this Settlement shall be and the same hereby is binding in the Debtor's pending reorganization only and, in the event of an uncured delinquency or default, the Settlement is voidable at the Mortgagee's option in the Mortgagee's exclusive and unrestricted discretion. It is further expressly understood, agreed, stipulated and Ordered that no Judicial determination(s) or finding(s) on the merits of the allegations contained in the Settlement, have been made, and the circumstance that the Mortgagee has consented to their defaulting Borrower only, shall not operate to limit, prejudice, preclude, estop, or otherwise restrict the Mortgagee's rights to enforce the Mortgage in any other proceedings.

11. Failure of the Debtor to satisfy any of the aforesaid conditions, jointly, severally and/or in the alternative, renders this Stipulation null and void and returns Beneficial to its pre-Petition status as

**Page 5**
Debtor: Kenneth G McNeil
Case No: 15-14218-MBK
Caption of Order: Consent Order Resolving Objection to Confirmation

a Secured Creditor holding a First Mortgage lien encumbering the Debtor's Subject Property with

all rights afforded it under applicable law.

PLUESE, BECKER & SALTZMAN, LLC          SCOTT E. KAPLAN, LLC

By: /s/ Rob Saltzman                             By:        /s/ Scott Eric Kaplan.
    Rob Saltzman, Esquire                             Scott Eric Kaplan, Esquire
    Attorneys for the Mortgagee                       Attorney for the Debtor