| | |
|---|---|
| 770841<br>PHELAN HALLINAN DIAMOND & JONES, PC<br>400 Fellowship Road, Suite 100<br>Mt. Laurel, NJ 08054<br>856-813-5500<br>Attorneys for Secured Creditor: OCWEN LOAN SERVICING, LLC as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A4 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-D<br>UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | **Order Filed on January 29, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>KENNETH G. MCNEIL | Case No: 15-14218 - MBK<br><br>Hearing Date: 02/01/2017<br><br>Judge:  MICHAEL B KAPLAN |

## CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION

The consent order set forth on the following pages, numbered two (2) through six (6) is hereby **ORDERED**.

**DATED: January 29, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**NJID 770841**
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
<u>Attorneys for OCWEN LOAN SERVICING, LLC as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A4 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-D</u>

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:

KENNETH G. MCNEIL

Debtor

CASE NO. 15-14218 - MBK

CHAPTER 11

CONSENT ORDER RESOLVING
OBJECTION TO CONFIRMATION

HEARING DATE: 02/01/2017

This Consent Order pertains to the property located at 329 CLEVELAND AVENUE, TRENTON, NJ 08629, mortgage account ending with "9229";

THIS MATTER having been brought before the Court by, SCOTT ERIC KAPLAN, Esquire attorney for debtor, KENNETH G. MCNEIL upon the filing of a Chapter 11 Plan, OCWEN LOAN SERVICING, LLC as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A4 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-D by and through its attorneys, Phelan Hallinan Diamond & Jones, PC having filed an Objection to the Confirmation of said Chapter 11 Plan and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for other and good cause shown:

IT IS on the _____ day of _____, 2017, ORDERED as follows:

1. The Parties have agreed that for purposes of the instant Chapter 11 case the value of the property is $32,000.

2. The Parties agree that since the filing of the current bankruptcy case the Secured Creditor has disbursed $5,191.37 in escrow.

3. The Parties agree that the Escrow Advances of $5,191.37 listed above shall be paid within 3 months of the effective date of the confirmation of the plan..

4. The Interest Rate shall be 5.75%.

5. Debtors agree to pay the secured claim amount of $32,000 at 5.75% fixed interest rate amortized over 10 years with payments calculated at a 120 month amortization schedule, with no balloon payments due on the maturity date of the loan plus repayment of the post-petition advances, with all remaining amounts due upon the maturity date January 1, 2027.

6. The new Principal and Interest payment shall be $351.26 per month with payments commencing on February 1, 2017.

7. The loan shall remain an escrow account. Monthly taxes and insurance shall be escrowed by the Secured Creditor and included in the monthly mortgage payment.

8. The Parties agree that the new monthly mortgage payment shall be calculated by the Secured Creditor and an Escrow Analysis shall be sent to the debtor after the Chapter 11 Plan is confirmed and the terms of this agreement are boarded.

9. All amounts still outstanding upon the maturity date under this agreement will be due and owing in full on the maturity date.

**10.** Payments shall be made directly to Secured Creditor at **OCWEN LOAN SERVICING LLC, P.O. Box 78056, Orlando, FL, 32878-5056**, with reference to the complete loan number, where the last 4 digits are 9229, or as otherwise directed.

11. Due to the cram down and recapitalization, the escrow account will begin at zero and the payments will reflect deposits for taxes and insurance plus any amounts needed to fund the escrow account going forward. The payment required under this agreement does not include an escrow shortage payment. The escrow shortage will be calculated and added to the monthly payment once this agreement is boarded with the Secured Creditor and all permanent loan adjustments are made and post confirmation mortgage statement is sent out reflecting the new loan terms and monthly payment amount.

12. All other terms of the Mortgage and Note not directly altered by this agreement will remain in full force and effect.

13. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

14. In the event of a default on payments to Secured Creditor under the terms of this agreement Secured Creditor may proceed pursuant to the terms of the underlying mortgage and note, and state and federal law, to obtain complete possession of the Subject Property, without further court order or proceeding being necessary. Any and all default provisions that may be included in Debtor's Chapter 11 plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this agreement.

15. Debtors agree that this agreement shall be included in all existing and future proposed Chapter 11 Plans through either exact language or by attaching this stipulation as an exhibit to the plan, and if any terms in Debtors' Chapter 11 Plan conflict with the terms of this agreement the terms of this agreement will control. In the event that Debtors' Chapter 11 Plan does not reflect the language of this agreement, Debtors agree that the agreement terms will be incorporated into the confirmation order through exact language, attachment of the agreement as an exhibit to the confirmation order, or by reference in the confirmation order of the agreement by document number.

16. Secured Creditor agrees to vote for Debtors' Chapter 11 Plan provided it Debtors have complied with all provisions of this agreement.

17. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

The undersigned hereby consent to the form,
Content and entry of the within Order:

PHELAN HALLINAN DIAMOND & JONES, PC
Attorneys for Secured Creditor:
OCWEN LOAN SERVICING, LLC as servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A4 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-D

/s/ Michael Dingerdissen
Michael Dingerdissen, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 31614
Fax: 856-813-5501
Email: Michael.Dingerdissen@phelanhallinan.com

Dated: 1/23/2017

/s/ Scott E Kaplan                    Dated: Jan 26, 2017
    SCOTT ERIC KAPLAN, Esquire
    Attorney for debtor