Law Offices of Scott E. Kaplan, LLC.
12 N. Main Street, P. O. Box 157,
Allentown, New Jersey 08501
(609) 259-1112
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In Re: | : | CHAPTER 11 |
| | : | |
| KENNETH G. MC NEIL, | : | Case No. 15-14218-MBK |
| | : | |
| | : | |
| Debtor | | |

**AMENDED CERTIFICATION IN SUPPORT
OF CONFIRMATION OF REORGANIZATION**

**KENNETH G. MC NEIL,** ("Debtor") hereby makes application to the Court for confirmation of the Debtor's Individual Debtor's Combined Plan of Reorganization and Disclosure Statement and certifies in support thereof:

1.   I am the Debtor-in-Possession and, as such, I am fully familiar with all matters involved in the present case.

2.   I caused to be filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (hereinafter referred to as the "Bankruptcy Code") on March 11, 2015 (hereinafter referred to as the "Filing Date"). I caused to be filed An Individual Debtor's Combined Plan of Reorganization and Disclosure Statement Under §1125 of the Bankruptcy Code Describing a Reorganization Chapter 11 Plan on December 28, 2015. Said Individual Debtor's Combined Plan of Reorganization and Disclosure Statement was conditionally approved by the Court on December 30, 2015. The hearing date for confirmation of the Plan was originally scheduled for February 10, 2016 but has been carried to February 1, 2017.

3.   Copies of the Individual Debtor's Combined Plan of Reorganization and

Disclosure Statement and a form of ballot were disseminated to creditors in compliance with § 1125 of the Bankruptcy Code and pursuant to said Order of conditional approving by my attorney.

4.  Pursuant to §1129 (a)(1) of the Bankruptcy Code (the "Code") the Plan complies with the particular provisions of the Code.

5.  Pursuant to §1129 (a)(2) of the Code, the Plan proponent is the Debtor and the proponent has complied with the provisions of the Code.

6.  Pursuant to §1129 (a)(3) of the Code, the Plan has been proposed in good faith and is not, in any way, forbidden by law.

7.  Pursuant to §1129 (a)(4) of the Code, the Debtor has disclosed to the Court that any payments made or promised for services and/or for costs and expenses in connection with the case or the Plan, and such payments have been approved by, or are subject to the approval of the Court and are reasonable.

8.  Pursuant to §1129 (a)(5) of the Code, the Debtor has disclosed the identity of the Disbursing Agent who shall (i) make the distributions required under the Plan , and (ii) take all actions necessary to implement the Plan. Appointing the Debtor as Disbursing Agent is consistent with the interests of creditors and with public policy.

9.  The Debtor is an individual in a reorganization proceeding. As such, I am advised by counsel that the provisions of §1129 (a)(6) of the Code are inapplicable to this case.

10. Pursuant to §1129 (a)(7) of the Code, each class of claims and interests under the Plan which is impaired has accepted the Plan or will receive the liquidation value of its claim. These conclusions are supported as follows: The Plan consists of twenty (20) classes of debt. Classes 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18 and 19 are impaired. Classes 2, 9, 17 and

20 are unimpaired. Because these Classes have been or will be paid in full and/or will retain equity interests under the Plan, they are deemed to have accepted the Plan. Classes 1 through 18 are comprised of creditors holding secured claims with respect to Debtor's investment properties. All of the secured creditors' interests in these classes have been crammed down to the value of the respective collateral serving as security for the respective obligations. Class 19 is comprised of general unsecured debt. Class 20 is comprised of the equity holder claims of the Debtor. Pursuant to Consent Orders entered into or being entered into with secured creditors, including Class 3 creditor, U.S. Bank National Association as to debtor's property located at 52 S. Olden Ave, Trenton, NJ, resolved by filed Consent Order wherein said creditor has voted for the Plan, Class 5 creditor, Bank of America, NA, as to Debtor's property located at 324 Mary Street, Hamilton, NJ, resolved by Consent Order wherein said creditor voted for the Plan, Class 6 creditor, U.S. Bank National Association as to debtor's property located at 631 Norway Ave, Trenton, NJ being resolved by Consent Order wherein said creditor has voted for the Plan, Class 7 creditor, Nationstar Mortgage LLC as to debtor's property located at 251 Woodlawn Ave, Trenton, NJ being resolved by Consent Order wherein said creditor has voted for the Plan, Class 11 creditor, Ocwen Loan Servicing LLC as to debtor's property located at 244 Cleveland Ave, Trenton, NJ being resolved by Consent Order wherein said creditor has voted for the Plan, Class 16 creditor, Seterus Inc. as to debtor's property located at 1420 Genesee Street, Trenton, NJ and all other of debtor's properties but for 59 Edgemere Ave, Trenton, NJ and 29 S. Olden Ave., Trenton, NJ (wherein creditors have made § 1111(b) elections with reservations) being resolved by Consent Order wherein said creditor is voting for the Plan, Classes 1, 3, 5, 6, 7, 11, 12, 13, 15, 16, and 19 have voted for the Plan. Classes 4, 8, 10, 14 and 18 did not vote on the plan. Four (4) Class 19 ballots were received, 3 in favor and one against the Plan (however the 1 voting against

has been withdrawn by Consent Order). The voting classes were Classes 1, 3, 5, 6, 7, 11, 12, 13, 15, 16 and 19.

11.  Pursuant to §1129 (a)(8) of the Code, each class of claims or interests are not impaired under the Plan or have accepted the Plan, or the Plan does not discriminate and is fair and equitable with regard to an impaired class that has not voted to accept the Plan.

12.  Pursuant to §1129 (a)(9) of the Code, all administrative claims and non-tax priority claims will be paid in full on the Effective Date of the Plan, with the exception of certain professional fees.

13.  Pursuant to §1129 (a)(10) of the Code, the requirement that one (1) impaired class accept the Plan has been satisfied as reflected in the Certification of Ballots (filed immediately prior hereto). This determination was made by considering the acceptances of the Plan by the secured creditors in Classes 1, 3, 5, 6, 7, 11, 12, 13, 15 and 16 voting for same in the Consent Orders entered into in connection herewith and indicated above and the voting Class 19 creditors, and without including the ballots of any insiders.

14.  Pursuant to §1129 (a)(11) of the Code, the Plan is feasible and confirmation will not likely be followed by liquidation of my estate, as Debtor, or any successor to me, as the Debtor under the Plan or the need for further financial reorganization, as evidenced by the fact that the Plan funding mechanism is Debtor's future income.

15.  Pursuant to §1129 (a)(12) of the Code, all monthly reporting requirements and quarterly fees are up-to-date to the Office of the U.S. Trustee through the December, 2016 reporting period. No Objections to Confirmation have been filed by any party in interest except for the objection filed by the Office of the U.S. Trustee dated January 11, 2017 (Docket item 133) which has been cured by the filing of previously outstanding monthly operating reports, and

those of secured creditors, including Nationstar Mortgage LLC as to Debtor's property located at 251 Woodlawn Ave, Trenton, NJ (Docket item 68, filed January 20, 2016) being resolved by Consent Order, Ocwen Loan Servicing LLC as to Debtor's property located at 244 Cleveland Ave, Trenton (Docket item 70, filed February 1, 2016) being resolved by Consent Order and on behalf of Bank of America as to 324 Mary Street, Trenton, NJ (Docket item 71, filed February 1, 2016) being resolved by Consent Order, Seterus Inc. as to Debtor's property located at 1420 Genesee Street, Trenton, NJ (Docket item 72, filed February 2, 2016) being resolved by Consent Order, U.S. Bank National Association as to Debtor's property located at 631 Norway Ave, Trenton, NJ (Docket item 73, filed February 3, 2016) being resolved by Consent Order, Ocwen Loan Servicing LLC as to Debtor's property located at 343 Garfield Ave, Trenton, NJ (Docket item 76, filed February 4, 2016) being resolved by Consent Order, Ocwen Loan Servicing LLC as to Debtor's property located at 329 Cleveland Ave, Trenton, NJ (Docket item 78, filed February 9, 2016) being resolved by Consent Order, Wells Fargo Bank, NA as to Debtor's property located at 44 S. Hermitage Ave, Trenton, NJ (Docket item 83, filed February 18, 2016 and Docket item 87, filed February 25, 2016 which are for the same creditor/claimant) being resolved by Consent Order, Ocwen Loan Servicing LLC for Deutsche Bank National Trust as to Debtor's property located at 219 Woodlawn Ave, Trenton, NJ (Docket items 82 and 85) for which a Consent Order has been filed on February 22, 2016, U.S. Bank National Association as to Debtor's property located at 52 S. Olden Ave, Trenton, NJ (Docket items 116 and 117 filed September 22, 2016 and September 23, 2016 respectively) resolved by filed Consent Order, and the late objections to confirmations filed by Wilmington Savings Fund Society as to Debtor's property located at 29 S. Olden Ave, Trenton, NJ (Docket item 113, filed August 10, 2016) and 48 S. Olden Ave, Trenton, NJ (Docket item 124, filed October 11, 2016) which Debtor is

attempting to resolve to enable confirmation to take place and the time for filing objections to confirmation expired on February 3, 2016. U.S. Bank National Association filed an Objection to Confirmation as to Debtor's property located at 59 Edgemere Ave, Trenton, NJ (Docket item 81, filed February 12, 2016) and also made an election under 11 U.S.C.§ 1111(b) (Docket item 69, filed January 28, 2016) which is to result in the Debtor's surrender of said property to said lender.

16.    Pursuant to §1129 (a)(13) of the Code, the Debtor has no retiree benefits owed by him as the term is defined in §1114 of this title at any time prior to confirmation of the Plan and Debtor has not obligated itself to provide such benefits.

17.    Section 1129 (a)(14) of the Code is inapplicable to Debtor as I am not required by a judicial or administrative order, or by statute, to pay any domestic support obligations.

18.    The Debtor submits that he has complied with §1129(a)(15)(B) because the value of the property to be distributed under the plan, is not less than the projected disposable income of the Debtor (as defined in §1325(b)(2)) to be received during the five (5) year period beginning on the date that the first payment is due under the Plan or during the Plan's term, whichever is longer. All objections to confirmation which have been made by the holder of an allowed secured claim have been or are being resolved by Consent Order or surrender of property. No objections have been made by holders of any unsecured claims other than that of Bank of America, N.A. as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-14H in connection with Debtor's property located at 631 Norway Ave, Hamilton, NJ which has been withdrawn.

19. Upon information and belief, §1129 (a)(16) of the Code is inapplicable as I am not a corporation or trust that is not a moneyed, business or commercial corporation or trust. However, to the extent §1129 (a)(16) applies, Debtor will comply with all non-bankruptcy law.

20. No ballots of any insiders were cast or considered. The Plan should be confirmed pursuant to §1129 (b) of the Code, as the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that are impaired; the holders of such claims are retaining the liens securing such claims, if any; and the holders of a claim of such class will receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in the estate's interest in such property.

21. There is no governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor.

22. Each class of claims and interests will receive under the Plan on account of their secured claims and interests, property of a value, as of the Effective Date of the Plan, that is not less than the amount they would receive or retain if my assets, as the Debtor, were liquidated under Chapter 7 of the Bankruptcy Code. The Plan also pays Allowed Unsecured Claims a 3% dividend of $44,376.00 which is not less than and far exceeds the amounts they would receive or retain if my assets, as the Debtor, were liquidated under Chapter 7 of the Bankruptcy Code.

23. With respect to each class of claims or interests (A) has accepted the Plan; or (B) such class is unimpaired under the Plan. Classes 8, 10 and 18 may be presumed to have accepted the Plan as "the general rule is that the acceptance of the plan by a secured creditor can be inferred by the absence of an objection." In re Szostek, 886 F.2d 1405, 1413 (3rd Cir.1989), citing In re Ruti-Sweetwater, Inc., 836 F.2d 1263 (10th Cir. 1988). Classes 1, 3, 5, 6, 7, 11, 12,

13, 15, 16 and 19 have voted for the Plan and/or have agreed to vote for same in Consent Orders withdrawing objections to Plan confirmation. In addition, Classes 2, 9 and 17 have been or will be paid in full, are, therefore, not impaired, and, pursuant to §1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan. Class 20 consists of my interests, as the actual Plan proponent. I support confirmation of the Plan.

24. No creditors with claims under §§507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code have filed claims and I, as Debtor, do not owe any other creditor whose claim would be entitled to priority under these provisions of the Bankruptcy Code. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that: (A) with respect to a claim of a kind specified in §507(a)(1) or 507(a)(2) of the Bankruptcy Code on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim; and (B) with respect to a class of claims of a kind specified in §507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of this title, each holder of a claim of such class will receive (i) if such class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the Plan, cash on the Effective Date of the Plan equal to the allowed amount of such claim; and (C) with respect to a claim of a kind specified in §507(a)(8) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding five (5) years after the Order for relief, of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim within sixty (60) months of the Effective Date of the Plan.

25. For the aforesaid reasons, I respectfully request that my Plan be confirmed.

26. I have read the statement of facts set forth above and certify that said statements are true. I am aware that if any of the aforementioned statements made by me are willfully false, I am subject to punishment.

Dated: January 31, 2017 /s/ Kenneth G. Mc Neil
Kenneth G. Mc Neil