UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

PARKER McCAY P.A.
BRIAN E. CAINE
9000 Midlantic Drive; Suite 300
Mt. Laurel, New Jersey 08054
(856) 596-8900
Attorney for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust, its successors and/or assigns

Order Filed on February 2, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

KENNETH G. McNEIL

Case No. 15-14218-MBK

Hearing Date: February 1, 2017

Judge: KAPLAN

## CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION

The consent order set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

LAW OFFICE
PARKER McCAY P.A.

**DATED: February 2, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2  CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION
15-14218-MBK

1. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust ("Secured Creditor") is the holder of a mortgage on the real property, located at 48 South Olden Avenue, Trenton, New Jersey 08609

2. The Parties have agreed that for purposes of the instant Chapter 11 case, the Secured Creditor shall have an allowed secured claim of $42,000.00. This amount has been determined to be a combination of outstanding escrow advances and an undetermined fair market value of the property.

3. The interest rate shall be 4.50%.

4. Debtor agrees to pay the secured claim amount of $42,000 at 4.50% fixed interest rate amortized over 5 years with payments calculated at a 60 month amortization schedule. The first payment will be due February 1, 2017, and maturing January 1, 2022.

5. The new monthly mortgage payment will be $783.01 (principal and interest only).

6. The balance of the claim shall be deemed an undisputed unsecured, allowed claim and shall be paid a pro-rate share of the unsecured dividend in addition to the secured amounts.

7. The Secured Creditor has agreed to allow this loan to change to a non-escrowed loan upon proof of receipt of insurance obtained by the debtor. Monthly taxes and insurance shall be paid directly by the debtor, and not included in the in the monthly mortgage payment starting with mortgage payment due February 1, 2017.

8. If the debtor is in default of any taxes and insurance, the Secured Creditor may provide written notice to the debtor and debtor's attorney of same, and debtor has fifteen (15) days to cure the default. If the default is not cured, creditor may protect its interests by advancing the delinquent amounts and thereafter may require taxes and insurance to be escrowed again.

9. All amounts still outstanding upon the maturity date under this agreement will be due and owing in full on the maturity date.

Page 3   CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION
15-14218-MBK

10. All other terms of the Mortgage and Note not directly altered by this agreement will remain in full force and effect.

11. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

12. In the event of a default on payments to Secured Creditor under the terms of this Agreement, Secured Creditor may proceed pursuant to the terms of the underlying mortgage and note, and state and federal law, to obtain possession of the Subject Property, without further court order of the Bankruptcy Court.

13. If this instant Chapter 11 bankruptcy petition is dismissed and/or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

14. Debtors agree that this agreement shall be included in all existing and future proposed Chapter 11 Plans through either exact language or by attaching this stipulation as an exhibit to the plan, and if any terms in Debtors' Chapter 11 Plan conflict with the terms of this agreement the terms of this agreement will control.  In the event that Debtors' Chapter 11 Plan does not reflect the language of this agreement, Debtors agree that the agreement terms will be incorporated into the confirmation order through exact language, attachment of the agreement as an exhibit to the confirmation order, or by reference in the confirmation order of the agreement by document number.

LAW OFFICE
PARKER McCAY P.A.

Page 4   CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION
15-14218-MBK

15. This matter resolves Secured Creditor's objection to confirmation of plan filed at docket number 124.

16. Secured Creditor agrees to vote for Debtors' Chapter 11 Plan.

_____   Dated: 2-1-17
Brian E. Caine, Esq.
Parker McCay P.A.
9000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
Tel (856) 985-4059
Fax (856) 596-3427
BCaine@parkermccay.com
Attorneys for Wilmington Savings Fund Society, FSB,
d/b/a Christiana Trust, not individually but as trustee
for Carlsbad Funding Mortgage Trust

_____   Dated: 2-1-17
Scott E. Kaplan, Esq.
Law Offices of Scott E. Kaplan, LLC
12 N. Main Street, P.O. Box 157
Allentown, New Jersey 08501
Tel 609-259-1112
Fax 609-259-5600
scott@sekaplanlaw.com
Attorneys for Debtor