UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 15-14218 (MBK) |
| | : |
| Kenneth G. McNeil, | : Chapter 11 |
| | : |
| | : Chief Judge Michael B. Kaplan |
| Debtor. | : |
| | : Hearing Date: 10/16/17 @ 11:00am |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO NOTICE
OF INTENTION TO CLOSE CASE PURSUANT TO D.N.J. LBR 3022-1(a)**

The Acting United States Trustee (the "U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby respectfully submits this Objection to the Clerk's Notice of Intention to Close Case Pursuant to D.N.J. LBR 3022-1(a) (the "Objection").  In support of the Objection, the U.S. Trustee respectfully represents as follows:

1. On March 11, 2015 (the "Petition Date"), Kenneth G. McNeil (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code").  *See* Docket Entry 1.

2. On March 31, 2017, the Court entered an Order Confirming Chapter 11 Plan.  *See*

Docket Entry 183.

3. On September 6, 2017, the Clerk filed a Notice of Intention to Close Case (the "Notice"). *See* Docket Entry 197.

4. In order for a case to close, the Court must determine that the estate has been fully administered:

> After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

*See* 11 U.S.C. § 350(a).

5. If the Court determines that the estate is fully administered, the Court is required to enter a final decree closing the case:

> After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

*See* Fed. R. Bankr. P. 3022.

6. The Debtor is obligated to file post-confirmation quarterly reports and to pay statutory quarterly fees under 28 U.S.C. § 1930(a)(6):

> ... a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first...

*See* 28 U.S.C. § 1930(a)(6).

7. This case can only be fully administered pursuant to 11 U.S.C. § 350 if all reports are filed, including an initial distribution report, and all statutory quarterly fees are paid up to the date the Court closes this case.

8. Here, the Debtor has not filed its quarterly operating report for the third quarter of

2017. In addition, the Debtor has not provided any disbursement information for the fourth quarter of 2017.

9. Without the filing of the quarterly operating report and receipt of the disbursement information, the amount of statutory fees outstanding, if any, cannot be determined to finality.

10. It is respectfully asserted that such reports must be filed and such fees must be paid prior to closure of the case.

11. It also appears that the Debtor has not filed an initial distribution report.

Wherefore, for the foregoing reasons, the U.S. Trustee respectfully requests that the above-captioned case not be closed until the case is fully administered including the Debtor providing disbursement information, filing quarterly operating reports, filing an initial distribution report, paying all attendant statutory fees as required by 28 U.S.C. § 1930(a)(6), and granting such other and further relief that is deemed just and equitable.

        ANDREW R. VARA
        ACTING UNITED STATES TRUSTEE
        REGION 3


    By:  /s/ Jeffrey M. Sponder
        Jeffrey M. Sponder
        Trial Attorney

Dated: October 11, 2017